IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JERMAINE TANNER,** | ) | |
| Petitioner, | ) | Civil Action No. 7:12-cv-00127 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **BEDFORD CIRCUIT COURT,** | ) | By: Norman K. Moon |
| Respondent. | ) | United States District Judge |

Jermaine Tanner, a federal inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to invoke the Interstate Agreement on Detainers ("IAD") as it relates to two detainers currently pending against him. The court finds that Tanner is not entitled to the relief he seeks and, therefore, dismisses his petition.

I.

In 2005, Tanner was convicted of a drug charge in this court and sentenced to 140 months incarceration.[1] Tanner is currently serving his federal sentence at a facility located in the Eastern District of Virginia. After Tanner was convicted in this court, two detainers[2] were lodged against him based on charges of probation violations in the County of Bedford and City of Lynchburg Circuit Courts. Tanner seeks relief under the IAD and requests that he be tried on these charges or that the detainers be removed because they are "hinder[ing] his ability to participate in rehabilitative programs," including a half-way house.

---

[1] Tanner's sentence was later reduced to 120 months on June 3, 2008, based on Amendment 706 of the United States Sentencing Guidelines.

[2] A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent. Cuyler, 449 U.S. at 436, n. 3; Carchman v. Nash, 473 U.S. 716, 719 (1985); United States v. Mauro, 436 U.S. 340, 359 (1978); Moody v. Daggett, 429 U.S. 78, 80-81, n. 2 (1976). Detainers generally are based on outstanding criminal charges, outstanding parole- or probation-violation charges, or additional sentences already imposed against the prisoner. Carchman, 473 U.S. at 719.

## II.

The IAD is a compact among 48 States, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States.  The IAD is a congressionally sanctioned interstate compact within the Compact Clause, U.S. Const., Art. I, § 10, cl. 3, and thus is a federal law subject to federal construction.  Cuyler v. Adams, 449 U.S. 433, 438-442 (1981).  Article III of the IAD establishes a procedure by which a prisoner incarcerated in one State (the sending State) may demand the speedy disposition of "any untried indictment, information or complaint" that is the basis of a detainer lodged against him by another State (the receiving State).  If the prisoner makes such a demand, Art. III requires the authorities in the receiving State to bring him to trial within 180 days or the court must dismiss the indictment, information, or complaint, and the detainer will cease to be of any force or effect.  However, the IAD does not apply to a detainer based on a probation violation charge.  Carchman, 473 U.S. at 726.  Because the IAD does not apply to detainers based on probation violation charges, the relief Tanner seeks is not available to him.

## III.

For the reasons stated, the court dismisses Tanner's § 2241 petition.

The Clerk of the Court is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

**ENTER:** This 29th day of March, 2012.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE